UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES,

                Plaintiff,

        v.

ANSELMO RAIGOSA-GARCIA,

                Defendant.

No. CR-03-2119-FVS

ORDER DENYING MOTION TO
VACATE

**BEFORE THE COURT** is the Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  (Ct. Rec. 52).  The Defendant is proceeding *pro se*. The Government is represented by Assistant United States Attorney Jill Bolton.

**BACKGROUND**

On September 5, 2003, the Defendant pleaded guilty to the offense of being an alien in the United States after deportation. (Ct. Rec. 13).  During the Defendant's change of plea hearing, the Court told the Defendant it would consider but not necessarily follow the sentencing guidelines.  (Ct. Rec. 40, at 6-10).  The Court further informed the Defendant that the maximum sentence for his crime was 20 years in prison.  *Id.*  The Defendant stated on the record that he understood the consequences of pleading guilty.  *Id.*

On January 15, 2004, the Court sentenced the Defendant to 57

ORDER DENYING MOTION TO VACATE - 1

months in prison and three years of supervised release. (Ct. Rec. 29).  The Court rejected the Defendant's motion for downward departure based on cultural assimilation.  In doing so, the Court noted that the Defendant's criminal history included a pattern of unlawfulness that included three drunken driving offenses, some drug offenses and a 1997 domestic violence conviction in which he threatened to kill someone's children.  The Court characterized the Defendant's criminal history as an "assaultive nature."

In a letter to the Court dated six days after his sentencing hearing, the Defendant said he wanted to withdraw his guilty plea because he did not know how severe his sentence would be.  Shortly thereafter, the Defendant appealed his conviction and the Ninth Circuit affirmed.  (Ct. Rec. 51).

On July 25, 2005, the Defendant filed this motion, claiming he received ineffective assistance of counsel.  Specifically, the Defendant claims that (1) Ms. Pennell, his first attorney, and Mr. Umuolo, an attorney who took Ms. Pennell's place, failed to advise the Defendant of the specific consequences of his guilty plea, and (2) Mr. Umuolo failed to investigate his criminal history and challenge the pre-sentence report's mention of domestic violence.

**DISCUSSION**

In reviewing a claim of ineffective assistance of counsel, the Court applies a two-part test:  "First, the defendant must show that counsel's performance was deficient.  Second, the defendant must show that the deficient performance prejudiced the defense." *United States v. Recio*, 371 F.3d 1093, 1109 (9th Cir. 2004) (quoting

ORDER DENYING MOTION TO VACATE - 2

*Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).  Under the first element, the Court must examine "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688, 104 S.Ct. 2052.  This requires the Court to analyze counsel's performance with some deference, as "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690, 104 S.Ct. 2052. Counsel's performance is not ineffective unless it fails to meet an objective standard of reasonableness under prevailing professional norms.  *Id.* at 688, 104 S.Ct. 2052.

### A.    Allegations that Counsel Failed to Advise

The Court notes the Defendant does not assert he had a viable defense that he gave up by pleading guilty.  Rather, he simply accuses his counsel of failing to offer a plausible alternative defense.  Furthermore, even if the Defendant's claims regarding his counsel's failure to advise him of the possible sentence he was facing were true, there is nothing in the record to suggest the Defendant suffered prejudice.  Although the Defendant alleges his counsel never informed him of the maximum statutory penalty he faced upon conviction, the Court informed the Defendant during his change of plea hearing that he was facing a maximum possible sentence of 20 years.  (Ct. Rec. 40, at 6-10).

### B.    Allegations that Counsel Failed to Investigate Criminal History

The Defendant contends that during the sentencing hearing, Mr. Umuolo did not distinguish for the Court the Defendant's felonies and

ORDER DENYING MOTION TO VACATE - 3

misdemeanor offenses so that the Court would only consider his felonies.  Contrary to that assertion, a transcript of the sentencing hearing shows Mr. Umuolo separated the two types of offenses by telling the Court that the Defendant had only two felonies and the rest of his criminal history consisted of misdemeanors. (Ct. Rec. 41, at 10).

The Defendant also contends his counsel should have challenged the domestic violence information about him in the pre-sentence report.  Assuming the truth of the Defendant's claims, the Defendant cannot show that a reasonable probability existed that, but for counsel's purported errors, the outcome of the proceeding would have been different.  *See United States v. Labrada-Bustamente,* No. 04-30082, 2005 WL 3005792 at *3 (9th Cir. Nov. 10, 2005)(assuming counsel was deficient by failing to object to a pre-sentence report, petitioner cannot show the sentencing proceeding would have been different).  The Defendant contends that, but for the domestic violence asserted in the pre-sentence report, his sentence would have been lighter.  However, the Court's decision to deny the Defendant's motion for a downward departure is a discretionary decision.  Further, the Court cited two reasons for declining to grant the downward departure for cultural assimilation.  (Ct. Rec. 54-2, at 20-21).  Besides his history of violence, the Court also relied on the Defendant's overall pattern of criminal conduct, including drunken driving and drug offenses.  (Ct. Rec. 54-2, at 20-21).  Given the Court's dual reasons for failing to grant a downward departure, the Defendant's contentions fall short of proving the Court would have

ORDER DENYING MOTION TO VACATE - 4

sentenced him to a lighter term had the domestic violence references not been included in the pre-sentence report.

**CONCLUSION**

The Court determines that the Defendant's ineffective-assistance of counsel claim fails because the Defendant cannot show his counsel's performance was objectively unreasonable.  Further, Defendant has not demonstrated he was prejudiced by his counsel's alleged deficiencies.  He has not shown a reasonable probability that but for his counsel's alleged errors, he would have exercised his right to trial by jury, *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985), or that his sentence would have been different.  Moreover, the Court determines an evidentiary hearing is not necessary because the Defendant's claim of ineffective assistance of counsel does not state adequate grounds for relief even if the Court assumes the truth of Defendant's claims.  *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982).  Accordingly,

**IT IS HEREBY ORDERED:**

1.  The Defendant's § 2255 Motion to Vacate, **Ct. Rec. 52**, is **DENIED.**

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this Order and furnish copies to counsel and to the **Defendant.**

**DATED** this 7th day of December, 2005.

                    s/ Fred Van Sickle
                    Fred Van Sickle
                United States District Judge

ORDER DENYING MOTION TO VACATE - 5